Huldah A. Kirkpatrick, plaintiff in error, *vs.* Julius L. Brown, defendant in error.

1. Where a lot was conveyed by deed, "with all and singular the rights members, and appurtenances thereof to the same being and belonging, or in any wise appertaining," parol evidence was admissible to show that the right to the uninterrupted use of an alley between such lot and the land of the vendor, was one of such "rights," etc.

2. Where a vendor, who was the owner of two adjoining lots, represented that there was an alley between them, the joint use of which would be conveyed with the lot sold, and the vendee, acting upon such representation, paid an increased price, the vendor will be estopped from denying the truth of such representation, though no allusion be expressly made to such alley in the deed.

3. Obstruction of the alley will be prevented by injunction.

Equity. Injunction. Evidence. Deeds. Contracts. Estoppel. Before Judge Peeples. Fulton Superior Court. October Term, 1876.

Reported in the decision.

B. F. Abbott, for plaintiff in error.

Collier & Collier; J. L. Brown, for defendant.

Warner, Chief Justice.

This was a bill filed by the complainant against the defendant, with a prayer for an injunction to restrain her from closing up a certain described alley alleged to be between the south half of city lot number 27, in the city of Atlanta,

claimed by the complainant as his property, and the adjoining lot of the defendant. On the trial of the case, the jury, under the charge of the court, returned the following verdict: "We, the jury, find for the complainant, and we further find and decree that the original line, running midway between Rawson and Jones streets, is the true dividing line between lots numbers 27 and 28 ; and we further find and decree, that the said alley stand open, jointly for the use of both parties, extending back 210 feet; and we further decree, that said alley shall not be closed up by either of the parties; and we further find, that the defendant be perpetually enjoined from interfering with complainant's joint and equal use of said alley; and that defendant pay the costs of suit." The defendant made a motion for a new trial, on the several grounds therein stated, which was overruled by the court, and the defendant excepted.

1. The main controlling questions in the case were, whether there was an alley between the south half of lot number 27, and the adjoining lot of the defendant, when the said south half was sold at auction by the defendant, and purchased by Joseph E. Brown, the complainant's vendor, and was it so represented by the defendant at the time of the sale, and was it competent for the complainant to prove these facts by parol evidence, there being nothing said about the alley in the deed conveying the south half of the lot by the defendant to J. E. Brown, or in the deed from J. E. Brown to the complainant? The deed from the defendant to J. E. Brown, conveyed the bargained premises, "with all and singular the rights, members, and appurtenances thereof to the same being and belonging, or in anywise appertaining," and the same words are contained in the deed from J. E. Brown to the complainant.

It appears from the evidence in the record, that the deed to Joseph E. Brown for the south half of lot 27 was executed by the defendant to him on the 5th of September, 1870, with a covenant of warranty of title to him, his heirs

and assigns, etc. ; that he improved the lot, and on the 4th of January, 1872, for and in consideration of natural love and affection, conveyed the same to his son, the complainant, as an advancement, of the specified value of $8,500.00, with a covenant of warranty of title, and put him in possession of the premises conveyed. The evidence as to the existence of the alley, at the time of the sale of the lot by the defendant to J. E. Brown, and as to the representations made by the defendant, or her agents, in respect to that fact at that time, was conflicting. There was evidence, on the part of the complainant, of the existence of the alley between the south half of lot number 27 and the adjoining lot of the defendant, and that the defendant had so represented to J. E. Brown shortly before the sale, as an inducement for him to purchase the lot. Besides, it was proven by the defendant's auctioneers who sold the lot for her, and others who were present on the lot at the time of sale, that the lot was sold by a plat on which the alley between the south half of lot number 27 and the defendant's adjoining lot, was distinctly represented, and that the represented existence of the alley added to the value of the lot sold at least ten per cent. The defendant objected to the introduction of this evidence, on the ground that it contradicted the deeds hereinbefore mentioned; and its admission by the court is one of the principal errors complained of here. It is true that parol evidence is inadmissible to contradict or vary the terms of a deed; but the evidence in this case was not offered to contradict or vary the terms of the deeds under which the complainant claimed title to the lot. The evidence was offered for the purpose of applying the terms contained in the deeds to the *subject matter* thereof, to show what were the "rights, members and appurtenances belonging, or in any wise appertaining to the bargained premises," and that the joint use of the alley in question was intended by the parties to be one of them. There was no error in admitting the evidence. *Summerlin vs. Hester*, 20 *Ga. Rep.*, 649.

2, 3. Although the evidence in relation to the existence of the alley, and as to the representations of the defendant in respect to it, was conflicting, the jury thought proper to believe the complainant's witnesses, as they had the right to do, and there is abundant evidence in the record to sustain their verdict. There is no error in the decree, except as it does not protect the defendant from interference with that part of her house which may have been on the alley at the time of the sale of the lot, as will be hereafter noticed. Assuming the facts to be as the jury have found by their verdict, the defendant is equitably estopped from not allowing the complainant the joint use of the alley with her, as the complainant would be estopped from not allowing her the joint use of the alley with himself. The principle applicable to the case is, that the defendant will not be allowed to represent that there was an alley between the two lots at the time of the sale for the purpose of increasing the price of the lot sold, and afterwards, with that increased price for the lot in her pocket, to deny such representations, when the same had been acted on by others, and to repudiate the existence of the alley so represented to have been between the two lots. In view of the evidence in the record, we find no material error in the charge of the court, or in the refusals to charge as requested, which would produce, or ought to have produced, a different verdict. The verdict was in accordance with the weight of the evidence, and the law applicable thereto. Inasmuch as it appears from the evidence in the record, that a small portion of the defendant's house may have been on the alley at the time of the sale of the lot, we affirm the judgment overruling the motion for a new trial, with directions that the decree upon the verdict be so far modified only, as not to interfere with any part of the defendant's house that may have been built on said alley.

Let the judgment of the court below be affirmed, with directions as hereinbefore indicated.